# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **AMY VICKERS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:06-CV-4881-RDP** |
| | } | |
| **GINGER S. BUSBY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Pending before the court is Defendants J. Ginger Busby, Anthony R. Smith, Joe Falconer, Sam Brasseale, Allan Trippe, Barry R. McCulley, Matthew G. Cobb, Thomas Hamner, Jr., Allyn Krall, J.J. Bischoff, Scott McBrayer, David Hooks, and Jackie Langlow's (collectively, "the individual Defendants" or "Defendants") Motion to Dismiss (Doc. # 31). The motion has been fully briefed by the parties and is now under submission. For the reasons stated herein, the court finds that the motion is due to be granted, such that Plaintiff's claims against Defendants in their official capacities as agents and representatives of Defendant City of Homewood ("Homewood"), Alabama, and her claims against them in their individual capacities will be dismissed. Thus, the only claims remaining in this case are those asserted against Defendant Homewood, including violations of Plaintiff's due process rights and her right to equal protection, and claims concerning the constitutionality of the statutes involved.

## II.     STATEMENT OF FACTS[1]

Defendant J. Ginger Busby ("Busby") is President of the City Council for the Defendant City of Homewood, Alabama ("Homewood").  She, along with the other members of Homewood City Council, which include Anthony R. Smith ("Smith"), Thomas Hamner ("Hamner"), Allyn Krall ("Krall"), Joe Falconer ("Falconer"), J. J. Bischoff ("Bischoff"), Scott McBrayer ("McBrayer"), Sam Brasseale ("Brasseale"), David Hooks ("Hooks"), Jackie Langelow ("Langelow"), and Allan Trippe ("Trippe"), are sued both individually and in their capacities as a Councilmen for Homewood (hereinafter collectively referred to as "City Council Defendants").  Defendant Barry R. McCulley ("McCulley" or "Mayor") is sued individually and in his capacity as Mayor of Homewood.  Defendant Matthew G. "Greg" Cobb ("Cobb" or "Code Enforcement Officer") is sued individually and in his capacity as an employee of Homewood—specifically, Code Enforcement Officer for Homewood.  Defendant Homewood is a municipal corporation organized and existing under the Constitution and laws of the State of Alabama and has a mayor–council form of government.  Defendant Mayor has the legal right and obligation in his capacity as supervisor of Cobb to cause Cobb to perform his duties in accordance with the Constitution of Alabama, the statutes of the State of Alabama, and the municipal ordinances of Homewood.

Plaintiff is the owner of and resides at 1506 Valley Place located in Homewood.  On August 28, 2006, at a regularly scheduled council meeting for Homewood, the City Council Defendants, at the request of Cobb, unanimously passed a resolution which appears in the Official Minutes of Homewood as follows:

---

[1]All relevant facts are taken from Plaintiff's complaint (Doc. # 1), unless otherwise noted. The court views the facts alleged by Plaintiff in the light most favorable to her.

> [Defendant] Busby stated that without objection from the Council, a Public Hearing would be held on Monday, September 25, 2006, to consider declaring the property located at 1506 Valley Place a Public Nuisance due to overgrowth, litter, and unenclosed storage of personal property. Mrs. Busby directed the City Clerk to give notice of a Public Hearing on September 25, 2006.

Plaintiff alleges that the above-described procedure and the City Council's proposed substantive action is not authorized by Homewood's ordinances or Alabama law. Plaintiff also alleges that the "City Clerk" did not give Plaintiff notice of a hearing to be held by the City Council Defendants to consider whether Plaintiff's home was a Public Nuisance, nor was Plaintiff given any notice of the hearing set for September 25, 2006.

On September 15, 2006, Cobb placed a "Notice of Public Nuisance" on Plaintiff's property, which stated that, *inter alia*: (1) Cobb had determined that a public nuisance exists on Plaintiff's property; (2) Cobb had determined that Plaintiff's property was in violation of several Homewood ordinances, including §§ 11–20 & 11–41 ("Maintain Property Free of Litter"), 11–42 ("Open Storage of Personal Property"), and 11–74 ("Excessive Growth");[2] (3) Plaintiff was given seven days to make written request for a hearing before the Homewood City Council, or she would be deemed to have waived her rights to contest the finding that a public nuisance exists on the property and that the property was in violation of the ordinances described on the notice and it would be presumed that she accepted such a determination "unless good and sufficient cause can otherwise be shown;" (4)

---

[2]In her complaint, Plaintiff alleges that these ordinances are "different from the resolution of the City Council Defendants dated August 28, 2006;" however, the court, after reviewing the stated resolution and the cited ordinances, cannot agree with Plaintiff's assertion at this time and finds the resolution's brief description of the statutes to be in accord with those cited in the "Notice of Public Nuisance." The court distinguishes this conclusion from the procedure described in the resolution as opposed to that described in the notice, and expressly declines to rule on the merits of Plaintiff's claim in either regard.

the notice did not contain information about the September 25, 2006 hearing; and, (5) the notice informed Plaintiff that, if she did not remedy the violations described therein or otherwise request a hearing or other process, Homewood would undertake action to remedy the alleged Public Nuisance on her property and would charge Plaintiff with the cost.  Plaintiff alleges that this "Notice of Public Nuisance" was posted contrary to Homewood ordinances and contrary to the City Council's August 28, 2006 resolution.

On September 14, 2006, the Homewood City Clerk posted a notice in the City Hall.  Plaintiff was never served with this notice.  Plaintiff further alleges that this notice was posted contrary to Homewood ordinances and contrary to the City Council's August 28, 2006 resolution, is contrary to the Homewood Ordinance No. 1750, and was different from the "Notice of Public Nuisance" posted on Plaintiff's property by Cobb.  Plaintiff also claims that the procedure detailed by the notice posted in City Hall is contrary to Homewood Ordinance No. 1750 and is not authorized by any Homewood ordinance.  Finally, Plaintiff alleges that the statement in the notice posted in City Hall "Published in the Birmingham News on: Tues., September 19, 2006" is a misrepresentation in that such notice was not published in the *Birmingham News*.

On September 21, 2006, Plaintiff, by and through her counsel, requested a hearing regarding the matters referenced in the notice, made several objections to the proceedings up to that point, and requested documents and things from the City Council Defendants that she alleged were necessary for the preparation of a defense against Cobb's determination.  The City Council Defendants have not responded to these requests and objections.  Plaintiff's attorney saw the notice posted in Defendant Homewood's City Hall and was required to purchase same in order to get a copy of the notice; however, Plaintiff avers that her attorney's purchase of a copy of the notice was not sufficient

4

to  be deemed notice to Plaintiff because her attorney did not have actual or apparent authority to accept service of the notice on her behalf.

Plaintiff challenges Homewood Ordinance No. 1750 as being so vague and ambiguous as to not provide sufficient notice of what is being charged by it, and claims that it is void and violates the equal protection provisions of U.S. Constitution Amendment XIV.  Plaintiff further avers that Ordinance No. 1750 is contrary to the "Notice of Public Nuisance" that Cobb gave Plaintiff.

On September 20, 2006, Plaintiff's attorney, by way of letter, entered a limited appearance on Plaintiff's behalf in order to contest jurisdiction due to lack of notice with respect to the September 14, 2006 notice posted in Homewood City Hall.  None of the Defendants ever responded to that letter.  Plaintiff's attorney attended the meeting of the City Council Defendants on September 25, 2006 for the limited purpose of continuing to object (based on a  failure of notice) to any hearing. At that meeting, Cobb stated that he had mailed the September 14 notice posted in Homewood City Hall to Plaintiff by certified mail, but he further admitted he had no proof of delivery of the notice to Plaintiff.  Plaintiff contends that Cobb misrepresented this fact and never sent notice to her.  In any event, Plaintiff claims she did not receive notice of the hearing, the City Council Defendants denied Plaintiff's request for a continuance of the hearing and for proper notice, and Plaintiff alleges these failures were willful.  The City Council held a hearing and declared Plaintiff's garden a Public Nuisance, and limited the issues it addressed in the hearing to that portion of the September 14, 2006 notice related to "excessive growth" and the extent to which it creates a public nuisance.  Plaintiff contends that there is no evidence that would justify a finding that the plants on Plaintiff's property constitute a public nuisance (and further contends that no such evidence was presented at the hearing), and that the Council's finding was based solely upon the personal biases and prejudices of

the City Council Defendants and not any statutory principles.  Plaintiff insists that her garden is not, and never has been, a public nuisance as that term is defined under Alabama law.

Plaintiff asserts that, at the September 25th hearing, all the individual Defendants knew that the September 14, 2006 notice posted in Homewood City Hall was not intended to be the notice issued to Plaintiff for the hearing.  She also claims that the individual Defendants concealed from Plaintiff's counsel the fact that on September 15, 2006, Cobb had actually mailed three different notices in three separate envelopes to Plaintiff by certified mail, all of which were different from the September 15, 2006 notice posted on Plaintiff's property by Cobb and the September 14, 2006 notice posted in Homewood City Hall.  Plaintiff alleges that each of the individual Defendants had copies of such mailed notices.

The City Council Defendants, by and through their President Busby, scheduled a hearing for October 9, 2006 to consider the matters about which Plaintiff had requested a hearing in her September 21, 2006 letter to them.  However, they did not respond to the objections raised by Plaintiff to the proceedings nor did they provide the information requested in the letter.  No hearing was held on October 9, 2006, and the matter was continued to October 23, 2006.  At the October 23, 2006 hearing, the City Council determined that Plaintiff's property constituted a public nuisance in that she had a trellis in her garden made from used outdoor furniture.  However, Plaintiff alleges that no evidence justifying such a finding was submitted.  Plaintiff provided substantial documentary evidence regarding the use of these items, including furniture, in her garden, but Plaintiff contends that the City Council did not consider her evidence, did not consider her objections, and made its decision solely based upon their personal biases and prejudices and not based upon any legal principles.  The City Council Defendants have threatened, in writing, to destroy Plaintiff's garden

6

and to seize her personal property without further proceedings and Defendants Cobb and McCulley have threatened criminal prosecution of Plaintiff if she does not bring her property into compliance with the ordinances she is charged with having violated.

Plaintiff makes several claims against the individual Defendants under 42 U.S.C. §1983 for allegedly depriving her of her constitutional rights to due process and equal protection of the law. In her complaint, Plaintiff seeks, *inter alia*, an award of compensatory and punitive damages, a declaration that the Homewood ordinances discussed above are unconstitutional and void, other various forms of equitable and injunctive relief, including an injunction prohibiting the defendants from "destroying [Plaintiff's] plants without having afforded her due process of law," and costs, expenses, and attorney fees.

## III.    STANDARD OF REVIEW

Defendants have challenged the sufficiency of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 2007 WL 1461066, at *14 (U.S. May 21, 2007). That is, if a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* Moreover, "a district court must dismiss a complaint under Rule 12(b)(6) when the plaintiff's allegations, on their face, show that an affirmative defense bars recovery on the claim." *Nichols v. Maynard*, 204 F. App'x. 826, 828 (11th Cir. 2006) (citing *Morris v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001)).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original). Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

IV.     **ANALYSIS**

A.     **The Official Capacity Claims Against the Individual Defendants are Redundant of Her Claims Against the City of Homewood and Thus are Due to be Dismissed.**

In her Complaint, Plaintiff makes claims against the individual Defendants in their individual and official capacities.  Plaintiff has also asserted these same claims against the City of Homewood. Official capacity claims exist to "impose [] liability on the entity that the officials represent, and not on them as individuals." *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)).  "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). Thus, Plaintiff's claims against the individual Defendants in their official capacities are redundant of those against Homewood and, therefore, are due to be dismissed.

B.     **Plaintiff's Equal Protection Claim Fails to State a Claim upon Which Relief Can Be Granted.**

Though Plaintiff's complaint is peppered with references to "equal protection" (*see, e.g.*, Doc. # 1 ¶¶ 56, 102, 104–105 & 128), she fails to allege a violation of equal protection.  As the Supreme Court has held, the Equal Protection Clause of the Fourteenth Amendment may give rise to a cause of action on behalf of a "class of one" where, as here, the plaintiff ( like Plaintiff herein) does not allege membership in a class or a group. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Nevertheless, federal law makes clear that, in order to prevail on such a claim, a plaintiff

9

must allege and prove that she was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *See Olech*, 528 U.S. at 564–65; *see also GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998); *Strickland v. Alderman*, 74 F.3d 260, 264–65 (11th Cir. 1996); *E & T Realty v. Strickland*, 830 F.2d 1107, 1109, 1112–13 (11th Cir. 1987).

Here, Plaintiff has failed to allege that the individual Defendants have treated her differently from other property owners similarly situated. In her response to the individual Defendants' motion to dismiss, Plaintiff confirms that she has not made these requisite allegations, but nevertheless she urges this court not to dismiss her claim, but rather to allow it to remain in the lawsuit until after the close of discovery, so that she may then amend her complaint in an attempt to state a valid claim. Notwithstanding the generally liberal "notice pleading" standard of Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's pleading obligations in federal court are minimal, but not nonexistent. Plaintiff must still allege facts, either directly or inferentially, that satisfy each element required for recovery under the stated claim. *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 2007 WL 1461066, at *14 (U.S. May 21, 2007). In the context of an equal protection claim under §1983, Plaintiff is required to allege facts that would show that she was intentionally treated differently from others similarly situated and that there is no rational basis for that difference in treatment. *See GJR Invs.*, 132 F.3d at 1367; *Strickland v. Alderman*, 74 F.3d 260, 264–65 (11th Cir. 1996); *E & T Realty v. Strickland*, 830 F.2d 1107, 1109, 1112–13 (11th Cir. 1987). Quite simply, Plaintiff has not alleged any factual or legal basis for maintenance of an equal protection claim, and therefore she has failed to provide "enough facts to state a claim to relief that is plausible on its face," at least regarding her

equal protection claim.  *Twombley*,  127 S. Ct. 1955, 2007 WL 1461066, at *14. Thus, her equal

protection claims are due to be dismissed.

### C.    Plaintiff's Complaint Fails to State Any Claim Against Defendants McCulley and Cobb.

Plaintiff's substantive allegations about McCulley and Cobb are found in paragraphs 22, 25,

30, 53, 54, 55, 62, and 70 of her complaint.  These allegations include the following: (1) McCulley,

as Mayor of Homewood, is legally obligated to supervise Cobb (Doc. # 1 ¶ 22); (2) Cobb requested

that the City Council Defendants pass the August 28, 2006 resolution setting the September 25, 2006

hearing (*id.* ¶ 25); (3) Cobb posted the "Notice of Public Nuisance" on Plaintiff's property, which

stated that Cobb, as Homewood Code Enforcement Officer, had determined that Plaintiff's property

violated several Homewood ordinances (*id.* ¶¶ 30, 32); (4) Cobb stated that he mailed three notices

to Plaintiff by certified mail, but did not have any proof of Plaintiff's receipt (and Plaintiff alleges

that he did not, in fact, send such notices) (*id.* ¶¶ 53–55); (5) McCulley and Cobb knew that the

September 14, 2006 notice posted in City Hall was not intended to provide notice of the September

25, 2006 hearing and concealed the fact that Cobb had mailed three notices on September 15, 2006

(*id.* ¶ 62); and (6) Cobb and McCulley have threatened criminal prosecution of Plaintiff if she does

not comply with the Homewood ordinances she is accused of violating.[3]  (*Id.* ¶ 70).  None of these

allegations allege any unlawful conduct by McCulley or Cobb - threatening a prosecution (however

illegal it would be to actually prosecute), posting a notice (whether or not that notice is effective for

due process purposes), concealing the fact of a mailed notice (whether or not it was received), and

requesting that an ordinance be passed are not illegal activities.  Thus, although Plaintiff purports

---

[3]Plaintiff has not alleged that she was actually prosecuted.

to allege violations of her due process and equal protection rights by McCulley and Cobb, her actual allegations are insufficient to establish such a violation (or any inference of a violation) by them. Accordingly, in addition to a dismissal on grounds of absolute judicial or, alternatively, qualified immunity (both of which are discussed *infra*), McCulley and Cobb are due to be dismissed because Plaintiff's complaint fails to state any claim against them upon which relief can be granted.

### D.     The City Council Defendants Are Entitled to Absolute Legislative Immunity.

Local legislators are entitled to absolute immunity from suit under §1983 for "all actions taken 'in the sphere of legitimate legislative activity.'" *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)).  This immunity is broad-sweeping and shields legislators and government officials performing legislative functions from liability for damages as well as for declaratory and injunctive relief.  *See Supreme Court of Va. v. Consumers Union*, 446 U.S. 719, 731–32 (1980); *Bogan*, 523 U.S. at 55; *Woods v. Gamel*, 132 F.3d 1417, 1419 (11th Cir. 1998).  Acts such as voting, debate, and participating in committee investigations and proceedings are deemed legislative and therefore protected by the doctrine of legislative immunity. *See, e.g.*, *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1880); *United States v. Johnson*, 383 U.S. 169, (1966); *Tenney*, 341 U.S. at 377–79.  Moreover, zoning and land use decision-making, such as that presented here have been repeatedly characterized by the courts as a legislative function.  *See, e.g.*, *Baytree of Inverrary Realty Partners v. The City of Lauderhill*, 873 F.2d 1407, 1409 (11th Cir. 1989) (citing *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193–94 (5th Cir. 1981) (mayor's veto of zoning ordinance passed by city's legislative body), *cert. denied*, 455 U.S. 907 (1982); *Bruce v. Riddle*, 631 F.2d 272, 280 (4th Cir. 1980) (local council members held to have acted within scope of legislative activities when they voted on zoning ordinance); *South Gwinnett Venture v. Pruitt*, 491

F.2d 5, 7 (5th Cir.) (en banc) (local zoning is a quasi-legislative procedure, not subject to federal juridical consideration absent arbitrary action), *cert. denied*, 419 U.S. 837 (1974).

The crux of Plaintiff's claims against the City Council Defendants is that (1) "under color of state law and in the name of defendant City of Homewood," they "unanimously passed a resolution" to hold a hearing to consider declaring Plaintiff's property a public nuisance (Doc. # 1 ¶¶ 23, ¶25); (2) the notice was deficient and that this violated her right to procedural due process; (3) the Defendants improperly "determined" that a public nuisance existed on her property and that her property is in violation of one or more ordinances of Homewood (*Id.* at ¶ 32(a) & (b));  and (4) they held one or more hearings at which they "voted" and "declared" that Plaintiff's use of her property is in violation of those Homewood ordinances and that the property otherwise constitutes a public nuisance. (*Id.* at ¶¶ 57, 60 & 67).  Plaintiff claims that this procedure, the "vague notice," and the City Council Defendants' unwillingness to respond to her requests for a hearing, document production, and clarification "clearly violate any notion of due process, both procedural and substantive."  (Doc. # 34 at 13).  Even a cursory examination of Plaintiff's claims reveals that such zoning and land use decision-making actions are clearly legislative functions and/or otherwise within the sphere of legitimate legislative activity.  Accordingly, the City Council Defendants are entitled to absolute legislative immunity against Plaintiff's claims and due to be dismissed from this lawsuit.

### E.     The City Council Defendants are Entitled to Absolute Quasi-Judicial Immunity.

Plaintiff contends that the City Council Defendants acted in a quasi-judicial capacity, rather than a legislative capacity (Doc. # 34 at 6–7), in holding a hearing regarding the alleged public nuisance status of her property and voting and declaring her property to be a public nuisance. However, even if this were the case, the City Council Defendants are still immune from Plaintiff's

claims.  The doctrine of absolute quasi-judicial immunity derives from absolute judicial immunity, and non-judicial officials, like the City Council Defendants, are encompassed by such immunity when their official duties have an integral relationship with the judicial process.  *See Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552 (11th Cir. 1994)).  Such immunity for a non-judicial official is determined through a functional analysis of the action taken by him or her in relation to the judicial process.  *See Roland*, 19 F.3d at 555. Accordingly, even if, as Plaintiff contends, the action of the City Council Defendants in declaring her property a public nuisance was a quasi-judicial act, the court finds that it was integrally related with the judicial process afforded by Alabama law, which allows a municipality to file a civil action to abate a public nuisance.  ALA. CODE §11-47-118 (1975).  Thus, the City Council Defendants are cloaked with quasi-judicial immunity for such actions taken in relation to the abatement of a public nuisance.

Plaintiff also claims that McCulley and Cobb threatened her with prosecution for not abating the nuisance on her property, and thereby threatened enforcement of the City Council Defendant's vote and declaration.  Enforcement officials enforcing a facially valid court order have been repeatedly found to be protected by judicial immunity.  *See Roland*, 19 F.3d at 555.  Thus, like policemen enforcing a court order, McCulley and Cobb would have been cloaked with absolute quasi-judicial immunity *if* they had enforced the City Council's declaration (which, as already noted *supra*, they did not).

**F.     All of the Individual Defendants Are Entitled to Qualified Immunity.**

"Qualified immunity protects government officials performing discretionary functions from civil trial . . . and from liability if their conduct violates no clearly established statutory or

14

constitutional rights of which a reasonable person would have known." *Lassiter v. Ala. A&M Univ.*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc) (citations omitted).  The purpose of qualified immunity is to allow public officials, including legislators like the City Council Defendants, code enforcement officers like Cobb, and local executive officers like McCulley, to carry out their discretionary duties without the fear of personal liability or harassing litigation.  *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citations omitted).   As such, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because the court is dealing with a motion to dismiss here, "the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined.*" GJR Invs. Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998).   "If a plaintiff has not sufficiently alleged a violation of any constitutional right, it is axiomatic that the plaintiff likewise has failed to allege the violation of a 'clearly established' right" and the complaint should be dismissed. *Id.* at 1367; *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) ("It is therefore appropriate for  a district court to grant the defense of qualified immunity at the motion to dismiss stage if the complaint fails to allege the violation of a clearly established constitutional right." (internal citation omitted)).

To receive the protections of qualified immunity, the individual Defendants first must show that they were acting within their discretionary duties at the time of the alleged actions in this case. *Lee*, 284 F.3d at 1194.   Eleventh Circuit case law is clear that this burden rests with the public official, and that failure to satisfy this burden negates the qualified immunity defense. *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (explaining that if defendants cannot meet their burden of showing that they were engaged in a discretionary function, they are ineligible for qualified immunity).  To determine whether an official was engaged in a discretionary

15

function, courts consider whether his acts were of a type that fell within his job responsibilities. *See id.* at 1265. In making this inquiry, "[courts] ask whether the government employee was (a) pursuing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Id.* Clearly, it was within the City Council Defendants' discretion to hold a hearing and vote on and pass a resolution declaring property within their jurisdiction to be a public nuisance, and it was likewise within Cobb's and McCulley's discretion to warn Plaintiff that such resolution would be enforced. Their ultimate "goal" was to see that the Homewood ordinances were enforced. The "means" used by the City Council Defendants were the legislative acts of holding a hearing, voting, and passing a resolution. The court cannot speculate as to what would have been the ultimate "means" of enforcement used by Cobb and McCulley, particularly in light of Plaintiff's own assertions that, to date, they only issued warnings. Thus, the City Council Defendants, Cobb, and McCulley were all pursuing proper goals related to their job functions and using (or warning that they may use) means that were both appropriate to the situation and within their power to utilize.

After a defendant shows that he acted within his discretionary authority, the burden shifts to Plaintiff to show that qualified immunity is not appropriate. *Lee*, 284 F.3d at 1194. Plaintiff must demonstrate that her allegations, if true, establish a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If no constitutional right was violated, then even assuming the plaintiff's allegations are true, the court need not inquire further. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). However, if a constitutional right had been violated under the plaintiff's version of the facts, the next step is to ask whether the right was clearly established at the time of the alleged violation such that "a reasonable official would understand that what [he was] doing violate[d] that right." *Saucier*, 533 U.S. at 202 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

16

Plaintiff's complaint contains seven counts, but only three (Counts I (violation of substantive and procedural due process), IV(violation of equal protection), and VII (alleging that the individual Defendants acted willfully, recklessly, and negligently) state claims against the individual Defendants. The gravamen of these counts appears to be that in declaring Plaintiff's property a public nuisance, the individual Defendants did so arbitrarily and without notice to the plaintiff, thereby depriving her of her constitutional right to both substantive and procedural due process. The court will analyze each of these claims under this circuit's qualified immunity case law.[4]

### 1.    Substantive Due Process.

"The substantive component of the Due Process Clause protects [only] those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" *Mickens v. Tenth Judicial Circuit*, 181 F. App'x 865, 877 (11th Cir. 2006) (quoting *Behrens v. Regier*, 422 F.3d 1255, 1264 (11th Cir. 2005) (in turn quoting *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc)). The Eleventh Circuit has further explained that "[f]undamental rights are those rights created by the Constitution." *Greenbriar Village, LLC v. Mtn. Brook, City*, 345 F.3d 1258, 1262 (11th Cir. 2003). Additionally, in cases involving non-custodial relationships, such as here, a government actor's conduct that would amount to an intentional tort under state law would only qualify as a substantive due process violation when it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992)); *see also Tinker v. Beasley*, 429 F.3d 1324, 1328–29 (11th Cir. 2005); *Behrens*, 422 F.3d at 1264. Moreover, "[u]nder . . . substantive due

---

[4]The court has previously discussed Plaintiff's equal protection claims, finding that Plaintiff's insufficient allegations failed to state a claim upon which relief could be granted and, therefore, the claims were due to be dismissed. *See* Part IV.B *supra*.

process jurisprudence, a statute or regulation will be upheld so long as it is rationally related to a lawful governmental purpose and is not unlawfully arbitrary or discriminatory." *Petit-Frere v. U.S. Attorney Gen.*, 199 F. App'x 926, 930 (11th Cir. 2006) (quoting *United States v. Plummer*, 221 F.3d 1298, 1308–1309 (11th Cir. 2000)).

The complaint in this case alleges no facts that would support a claim of substantive due process violation. Zoning and land use restrictions, such as the Homewood ordinances being enforced by the individual Defendants here, have repeatedly been held permissible, constitutional, and not to be arbitrary. *Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 68 (1981); *Agins v. City of Tiburon*, 447 U.S. 255, 260 (1980); *Village of Belle Terre v. Boraas*, 416 U.S. 1, 7–8 (1974); *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926). However, assuming *arguendo*, that Plaintiff has a protected property right in such areas as the overgrowth of her garden, the actions of the individual Defendants in declaring her garden to be a public nuisance cannot properly be characterized as arbitrary, or conscience shocking, in a constitutional sense. Indeed, other than her conclusory allegation that there was insufficient evidence to justify Defendants' action, Plaintiff has failed to allege any basis for finding that the Defendants' decision was arbitrary. Nor does her complaint allege any basis for a finding that the Homewood ordinances under which Defendants purported to act are not rationally related to a lawful government purpose or unlawfully arbitrary. At the very least, Plaintiff has not alleged the violation of a "clearly established constitutional right," such that "a reasonable official [in the defendants' position] would understand that [in so declaring the property a public nuisance,] he [was] violat[ing] the right." *Saucier*, 533 U.S. 194, 201–202 (2001). Therefore, the individual Defendants are each entitled to qualified immunity from Plaintiff's substantive due process claim.

18

2.        **Procedural Due Process.**

The essence of procedural due process is that a litigant be given notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Here, Plaintiff was given such an opportunity, and at the hearing, she presented evidence and asserted reasons why her property should not be declared a public nuisance and be abated by the defendants. Although Plaintiff alleges that such notice was deficient and that she did not receive it at all, she simultaneously admits the following: she read the September 15, 2006 posting on her property (Doc. # 1 ¶¶ 30–32); she requested a hearing after receiving the notice (*id.* ¶ 34); she learned, through her counsel, of the September 25, 2006 hearing after he read a notice posted in City Hall (*id.* ¶¶ 38, 48–49); she appeared (albeit specially) through counsel at the September 25, 2006 hearing (*id.* ¶ 52); Defendant Cobb sent three notices of the September 25, 2006 by certified mail to Plaintiff on September 15, 2006 (*id.* ¶¶ 62–63); she knew of and attended a hearing that she herself requested on October 23, 2006; and at that hearing she presented evidence and reasons in support of her contention that her property was not a public nuisance (*id.* ¶¶ 64–68). The court finds this process is more than adequate to satisfy the demands of the Due Process Clause, and, in any event, concludes that a reasonable government official would not have perceived that in providing Plaintiff with the notices and hearings described *supra*, there would have been any violation of Plaintiff's procedural due process rights. Accordingly, the doctrine of qualified immunity shields the individual Defendants from Plaintiff's procedural due process claim.

V.        **CONCLUSION**

For the reasons set forth above, the court concludes the individual Defendants' Motion to Dismiss (Doc. # 31) is due to be granted, such that Plaintiff's claims against Defendants in their

official capacities as agents and representatives of Homewood, and her claims against them in their individual capacities, will be dismissed.  Thus, the only claims remaining in this case are those asserted against Defendant Homewood, including violations of Plaintiff's due process rights and her right to equal protection and claims concerning the constitutionality of the statutes involved.  The court will enter an order in accordance with this memorandum opinion.

       **DONE** and **ORDERED** this _____13th_____ day of July, 2007.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE